UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

Ken Varnadoe                                  :    Chapter 13
                                              :    Case No.: 15-10808
                                              :
    Debtor(s).                                :
        Xxx-xx-5338                           :

# CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor(s)') employer) shall pay to the trustee the sum of **$1,682.00** monthly.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following **long-term debts**: (Payments which become due after the filing of the petition but before the month of the first payments designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
| --- | --- | --- |
| **Fedloan - student loan** | August, 2015 | $138.00 |
| **CitiMortgage, Inc / Bayview** | August, 2015 | $644.08 |

(c) **Pre-confirmation adequate protection** payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
| --- | --- |
| **Badcock Home Furniture & More** | $40.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a):

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **Ally Financial** | $20,199.00 | 6.25% | 2010 Toyota Tacoma | $392.86 |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- | --- |
| **Badcock Home Furniture & More** | $4,013.67 | $4,013.67 | 6.25% | Household furniture | $78.06 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $2,885.00 be paid as follows:

| | MONTHLY PAYMENT AMOUNT |
| --- | --- |
| Pursuant to the Administrative Order on Attorney Fee Awards | Pay according to the administrative order |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
| --- | --- | --- | --- | --- |
| **CitiMortgage, Inc / Bayview** | $6,104.43 | $51,302.00 | Included | house & lot |

(h) The following collateral is **surrendered** to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| NONE | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____ %. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| NONE | |

(j) The following unsecured claims are classified to be paid at 100%. The payments **will** be made simultaneously with payment of the secured debt:

NAME OF CREDITOR
( 0% interest)

| Memorial Hospital - 13 medical bills for service | Amount due | Monthly Payment |
|---|---|---|
| | $2,436.20 | $42.60 |

**Fedloan** - 13 loans totaling $68,123.00 - 0% interest

| Loan# | disbursement date | due date | Amount due | Monthly Payment |
|---|---|---|---|---|
| 08 | 9/2002 | 9/2012 | $2,892.00 | $ 49.86 |
| 07 | 9/2002 | 9/2012 | $ 917.00 | $15.81 |

| Loan# | disbursement date | Arrearage | Ongoing monthly payment in 2(b) | Arrearage Monthly Payment |
|---|---|---|---|---|
| 01 | 11/2010 | $493.96 | $72.00 | $ 8.52 |
| 03 | 1/2011 | $1,189.89 | $174.00 | $20.52 |
| 02 | 1/2011 | $235.97 | $34.00 | $ 4.07 |
| 04 | 7/2011 | $ 502.09 | $73.00 | $ 8.66 |
| 06 | 9/2011 | $660.48 | $96.00 | $11.39 |
| 05 | 9/2011 | $195.27 | $28.00 | $ 3.37 |
| 09 | 3/2012 | $502.09 | $73.00 | $ 8.66 |
| 11 | 5/2012 | $634.73 | $92.00 | $10.94 |
| 10 | 5/2012 | $195.27 | $28.00 | $ 3.37 |
| 12 | 11/2012 | $175.33 | $25.00 | $ 3.02 |
| 13 | 12/2012 | $360.36 | $52.00 | $ 6.21 |
| TOTALS | | $5,148.44 | $747.00 | $88.73 |

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

| DEBT |
|---|
| Tammie Varnadoe - child support of $650.00 per month |

(m) **Special provisions**:

    1. Debtor requests that the amount due under the confirmed/proposed plan be deducted from his payroll check pursuant to a payroll deduction order directed to his employer.
    2. All non-purchase money, non-possessory liens, judicial liens and statutory liens in any property of the bankruptcy estate shall be avoided upon discharge pursuant to 11 U.S.C.§522 (f). Within 60 days of notice of discharge all creditors holding such liens, including Army Aviation Center Federal CU shall cancel their liens of record. There is no non-exempt equity in any of Debtor's property.
    3. Within 60 days of notice of discharge, creditor Ally shall deliver clear title to the 2010 Tacoma pickup to Debtor.
    4. Debtor requests Federal Loan Servicing to accept the treatment of his student loans as shown above by paying the arrearage as of the petition date over the term of the plan with an additional payment toward ongoing payments of $138.00 per month instead of $747.00 per month, which Debtor is unable to do.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)

    (i) Debtor will pay all of his/her disposable income as shown on Form B22C of $0.00, to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (iii) The debtor will pay $0.00 to the general unsecured creditors to be distributed prorate.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    (a) dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (b) The debtor(s) will make payments for 36 months and anticipates a dividend of $0.00, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The Chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date 6/30/15

_____
**KEN VARNADOE**